**FILED**



8:52 am, 6/6/23

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

ROBERT JAMES SWINT,

Plaintiff,

VS.

COMICS CODE AUTHORITY; COMIC
BOOK AUTHORITY; and OREGON
HEALTH AUTHORITY,

Defendants,

Case No. 23-CV-00096-ABJ

---

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND DISMISSING COMPLAINT ON 1915 SCREENING**

THIS MATTER is before the Court on *pro se* Plaintiff, Robert James Swint's, Complaint and his *Motion to Proceed in Forma Pauperis*. ECF Nos. 1, 2. Because Mr. Swint seeks to proceed *in forma pauperis* in this action without the prepayment of fees, the litigation process begins with the Court screening his complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits"); *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Along with her complaint in the federal court, Lister concurrently filed a 'Pauper's Affidavit'. . . Thus, the district court was obliged to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)").

1

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if he submits an affidavit that includes a statement of all the plaintiff's assets and asserts he is unable to pay the filing fee. "Section 1915(a) applies to all persons applying for IFP status, and not to just prisoners." *Lister*, 408 F.3d at 1312. Having considered Mr. Swint's Motion under 28 U.S.C. § 1915, the Court finds that his financial information reflects that he is unable to prepay the filing fee and grants Mr. Swint leave to proceed *in forma pauperis*. Therefore, the Court moves to screening his Complaint under 28 U.S.C. § 1915(e).

### STANDARD OF REVIEW

Courts screening a case under § 1915(e) are required to: "dismiss the case at any time if the Court determines . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

When the Court reviews a complaint for failure to state a claim, it must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted).

We liberally construe the filings of pro se litigants and hold them to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 940, n. 10 (10th Cir. 2021). However, "it is not . . . the 'proper function of the district court to assume the role of advocate for the *pro* se litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

## *DISCUSSION*

"[T]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)). The Supreme Court explained clearly baseless contentions include "claims describing fantastic or delusional scenarios." *Id.* (internal quotations omitted). After thoroughly reviewing Mr. Swint's Complaint, the Court finds that the claims are fantastical, delusional, and not based in reality.[1] *See* ECF No. 1 at 2.

---

[1] Mr. Swint's Complaint claims, *inter alia*, that the Comic Book Authority, Bluebird, and Burger King all "signed a contract with the people . . . when before 1954 they used to have writers write out real time from reading the atmosphere, instead of the hemisphere." ECF No. 1 at 2. The Complaint goes on to state, "I notice that Mary Ward, also known as Wendy (Peter Pan's Wendy), she had the heart of Ocean's, the keys to the city[,]" and other similarly incomprehensible statements. *Id.*

3

Beyond being incomprehensible and delusional, Mr. Swint's Complaint should also be dismissed for failure to state a claim and lack of jurisdiction. Given the general lack of factual development in Mr. Swint's Complaint, he has failed to state a cognizable claim. To state a cognizable claim, "a Plaintiff must offer specific factual allegations to support each claim" identified. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal citation omitted). Mr. Swint's one-page Complaint lacks any factual development related to identifiable claims. Instead, it simply includes an incomprehensible sentence seeking relief, stating, "I am asking that 5445 be restored to the rightful . . . And now my TL characters start to rise as Robert Eddie w his John Edwards Pardy gets started. I want 26 million for what he did." ECF No. 1 at 2. Additionally, the caption lists Comics Code Authority, Comic Book Authority, and the Oregon Health Authority as Defendants. *Id.* at 1. However, Mr. Swint fails to allege wrongdoing or tie any Defendant to such wrongdoing. *Id.* at 2. Ultimately, Mr. Swint's Complaint does not explain what his claims are or the factual basis for them, and as such, Plaintiff fails to state a cognizable claim for relief. *Id.* Finally, the Complaint fails to allege any facts demonstrating why this Court has jurisdiction over Mr. Swint's claims as Plaintiff resides in Oregon, and there is no indication that any Defendant lives in Wyoming or that any events occurred in this state. *Id.* at 2.

## *CONCLUSION*

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton*, 504 U.S. at 33.  Here, Mr. Swint's claims are irrational

4

and wholly incredible.  Further, for the reasons discussed above, Plaintiff's claims also fail under Rule 12(b)(6).

**NOW, THEREFORE**, **IT IS ORDERED**, Plaintiff's pending Motion to Proceed *In Forma Pauperis* is **GRANTED**. ECF No. 2.

**IT IS FURTHER ORDERED,** Plaintiff's case is **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated this __5ᵗʰ__ day of June, 2023.

Alan B. Johnson
United States District Judge

5