**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 24, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT JAMES SWINT,

     Plaintiff - Appellant,

v.

COMICS CODE AUTHORITY, et al.,

     Defendants - Appellees.

No. 23-8057
(D.C. No. 2:23-CV-00096-ABJ)
(D. Wyo.)

_____

**ORDER**

_____

This matter is before the court on its own initiative following opening of the

appeal and review of the district court docket. The court is considering summary

dismissal of this appeal because it appears that appellant Robert James Swint did not

timely file his notice of appeal with respect to the district court's judgment. *See* 10th Cir.

R. 27.3(B).

The district court dismissed the action underlying this appeal and entered final

judgment on June 6, 2023. [ECF Nos. 3-4]. Mr. Swint did not file any post-judgment

motions that would serve to toll or extend the time he had to file a notice of appeal from

the judgment itself. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, his notice of his

intent to appeal the judgment was due on or before July 6, 2023. *See See* Fed. R. App.

P. 4(a)(1)(A) (notice of appeal in a civil case in which the United States is not a

defendant "must be filed with the district clerk within 30 days after entry of the judgment

or order appealed from"). However, the district court did not receive Mr. Swint's notice of appeal until August 24, 2023. [ECF No. 5]. Mr. Swint did not seek an extension of time from the district court within which to file his notice of appeal nor did he ask the district court to reopen the time to appeal. *See* Fed. R. App. P. 4(a)(5)(A); Fed. R. App. P. 4(a)(6). The time for requesting either appears to have expired. *See id.*

"This Court can exercise jurisdiction only if a notice of appeal is timely filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). It has no authority to make equitable exceptions to jurisdictional requirements, *see Bowles v. Russell*, 551 U.S. 205, 216 (2007), nor can it extend the time for filing a notice of appeal. *Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 889 (10th Cir. 1984).

"Proceeding *pro se* does not relieve [Mr. Swint] of the responsibility to learn about and follow the correct procedures to file a notice of appeal." *Cosby v. Astrue*, 507 F. App'x 819, 821 (10th Cir. 2013) (unpublished). Indeed, this court has "repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Accordingly, on or before September 7, 2023, Mr. Swint shall file a memorandum brief addressing only whether he can establish timely filing of the notice of appeal with respect to the district court's judgment. In the alternative, Mr. Swint may: (1) voluntarily dismiss his appeal, *see* Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which case the court will dismiss his appeal without further notice for lack of prosecution, *see* 10th Cir. R. 42.1.

2

Briefing on the merits of this appeal is suspended pending further order of the court. 10th Cir. R. 27.3(C). However, Mr. Swint must enter an appearance or cause counsel to enter an appearance on his behalf on or before September 25, 2023. *See* 10th Cir. R. 46.1(A).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk